CITY OF HAINES CITY v. CERTAIN LANDS UPON WHICH TAXES AND SPECIAL ASSESSMENTS ARE DELINQUENT (Severed as to N. D. CASS and MARGARET B. SMITH and IDA W. SMITH, Executrices of the Estate of Edward Smith, Deceased).

178 So. 143.

En Banc.

Opinion Filed December 16, 1937.

Rehearing Denied January 24, 1938.

**380**

*Maxwell & Cobbey, Gordon C. Huie* and *Frank T. Phillips,* for Appellant;

*Robert T. Dewell,* for Appellees.

ELLIS, C. J.—In September, 1936, the City of Haines City exhibited its bill in chancery against certain lands located in the city for the foreclosure of alleged liens for *ad valorem* taxes and special assessments upon the property described.

The suit was brought under the provisions of Chapter 15038, Laws of Florida, 1931. See City of Coral Gables v. Certain Lands, 110 Fla. 189, 149 South. Rep. 36.

The City of Haines City had issued certain Street Improvement, Sewerage, Water Works and Fire Department Bonds. The ordinance under which those bonds were issued contained the following provisions with reference to the coupons to be attached to the bonds, in substance as follows: "Said interest coupons when due shall be receivable by the City of Haines City for all City taxes and demands of whatever description."

There was no statutory or constitutional authority existing in the city authorizing it to accept matured coupons upon the bonds so issued in payment for taxes or assessments. In the course of the proceedings there was a severance of many of the lands or lots described in the bill, and the cause proceeded against certain lands in which the defendants, N. D. Cass, and Margaret B. Smith, and Ida W. Smith,

Executrices of the Estate of Edward Smith, were interested, not jointly but respectively in the lands described.

They interposed separate answers to the bill in which it was averred that they had tendered and offered to pay the taxes and assessments levied against their properties by the delivery to the City of certain coupons which were attached to the bonds issued. Motions were made by the plaintiff to strike the answers interposed by the defendants upon the grounds, among others, that the averments of the answers constitute no defense to the bill; that there was no averment that any statutory or constitutional authority existed in the City to provide by ordinance for the acceptance of the coupons attached to the bonds in payment of taxes, the liens for which were sought to be foreclosed, that the averment contained in the answers that the bonds which had been issued by the City of Haines City under the ordinance referred to had been ratified by judicial decree in appropriate proceedings to that end, constituted no defense in the absence of an averment that the City had statutory or constitutional authority to issue bonds under an ordinance providing that the coupons thereof when matured should be accepted by the City in the payment of taxes.

It was also alleged in the motion that certain mandamus proceedings existed in the Circuit Court and in the Supreme Court commanding the City to levy and collect certain millage for specified bondholders holding the bonds of the city, and that a portion of the taxes were levied for such bondholders.

The Court in its order upon that motion held that the City, in the absence of any constitutional or statutory authority, was not empowered to provide in an ordinance for the receiving of the matured interest coupons on its bonds in the payment of taxes due to the city. The court held, however, that the city may be estopped from refusing to

accept the coupons in discharge of the lien of taxes by the validation proceedings, which were instituted under Section 5106 C. G. L. 1927, to validate the bonds issued under the resolution containing the provision that the matured coupons should be received by the City in the payment of taxes.

The motions were denied, but the plaintiff was given leave to reply to the amended answers. From that order the City took an appeal.

Whether the City of Haines City has or has not constitutional or statutory authority, expressly or impliedly granted, to provide by ordinance for the issuing of bonds for improvements, and to provide that the coupons from such bonds shall be received in payment of taxes levied by the City, is not involved in this appeal, for the reason that the Chancellor decided that the City had no such authority, therefore the City, the appellant in this case, has no ground for complaint upon that point; however, in passing, we will state that it is a general rule, observed in this jurisdiction for many years, that a municipality has no power except that which is expressly granted to it by the Legislature, or necessarily implied from the powers granted.

As was said in the case of Florida Cent. & P. R. Co. v. Ocala St. & S. R. Co., 39 Fla. 306, 22 South. Rep. 692, "The general rule is that a municipal corporation can exercise only such powers as are granted to it in express terms, or those necessarily or fairly implied in or incident to the powers expressly granted, or those that are essential and indispensable, not simply convenient, to the declared objects and purposes of the corporation." See also Jacksonville Electric Light Co. v. City of Jacksonville, 36 Fla. 229, 18 South. Rep. 697, 30 L. R. A. 540, 51 Am. St. Rep. 24, where it was said that "Any fair, reasonable doubt concerning the existence of the power is resolved by the

courts against the corporation." See also Galloway v. Town of Tavares, 37 Fla. 58, 19 South. Rep. 170, and Loeb v. City of Jacksonville, 101 Fla. 429, 134 South. Rep. 205. In the latter case, the Court said:

"The doctrines are well established in the State relating to municipal corporations that the existence of authority for a municipality to act cannot be assumed. If a reasonable doubt exists as to a particular power it should be resolved against the city. When a proper function of government appertaining to the duties of a city is apparent the presumption of the city's power may obtain. Any ambiguity or doubt as to the extent of a power attempted to be exercised by a city out of the usual range or which may affect the common law right of a citizen should be resolved against the city."

We find nothing in the statutes referred to in the briefs, Sections 946, 2942, 5969 C. G. L. 1927, and Special Acts of the Legislature, Chapter 8272, Acts 1919; Chapters 8962 and 8963, Sp'l Acts 1921; Chapters 9768 and 9769, Sp'l Acts 1923, and Chapters 10677 and 10678, Sp'l Acts 1925, containing either direct or implied authority to exercise such power.

The power to impose and collect taxes is the power by which the municipality raises revenue to defray the expenses of the local government and the word taxes has long since come to definitely mean an obligation or duty which can be discharged only in money. Galloway v. Town of Tavares, *supra*. This Court has never held otherwise.

We are therefore of the opinion that the Chancellor was correct in holding that the city was without authority to provide in its ordinance that the coupons attached to the bonds might be receivable in payment of taxes.

The only question presented here by the record is the correctness of the court's order holding in effect that not-

withstanding the city was without statutory and constitutional authority to issue bonds under an ordinance providing that the matured coupons of such bonds should be receivable by the city in payment of taxes, nevertheless the city might be estopped by validation proceedings under Section 5106 C. G. L. 1927, in which the issuing of such bonds under an ordinance providing that its matured coupons might be received by the city in payment of taxes were held to be valid obligations of the city.

Section 5106 C. G. L. 1927 and the subsequent sections relating to the validation of proceedings in the matter of the issuing of bonds by a municipality contemplate that the court shall in such validation proceedings consider only "the legality of all proceedings had or taken" in connection with the city's authority to incur bonded debt or to issue certificates of indebtedness.

A careful reading of those sections, which it is not necessary to set out in this opinion, indisputably shows that it was no purpose of the Legislature to vest in the court before whom the validation proceedings are held the power by judgment or decree to validate or confirm a power in the city in the matter of incurring indebtedness or the issuing of bonds which it is the sole province of the Legislature to confer.

The validation proceedings provided by statute, Sections 5106-5109 C. G. L. 1927, relate only to a consideration by the court of the proceedings which the municipality is required to pursue in the exercise of its power to incur indebtedness or issue bonds; such, for instance, as the preliminary resolution to be adopted by the city authorities to declare and notify of the issue of the bonds and to declare the purpose for which they are to be issued, the calling of an election and the regulating of the election and the result thereof.

In the case of A. C. L. Ry. Co. v. Lakeland, decided at this term of Court, it was stated in the opinion of the Court that the bond validating statute, Sec. 5106, *et seq., supra,* does not contemplate that collateral matters shall be adjudicated by the court in proceedings instituted for the validation of bonds proposed to be issued by the municipality.

The clause in Section 3 of the Ordinance, under which the bonds were proposed to be issued by the City of Haines City, that the matured coupons of such bonds should be received by the city in the payment of taxes, as a matter collateral to the questions which are submitted to the court in validation proceedings, was an attempted exercise on the part of the city of a power which had not been conferred upon it by any statutory or constitutional authority. Therefore, the decree of the court validating the proceedings under which the bonds were issued was not an adjudication by the court that such clause was a valid exercise of power by the city nor indeed could it be so considered as it was a matter affecting the power of the municipality which only the Legislature could confer, if at all.

The Chancellor, however, held that such validating proceedings estopped the city from asserting that the matured coupons upon the bonds were not receivable by the city in payment of taxes, holding that the city may by estoppel exercise a power which it could not directly exercise without express or necessarily implied authority.

The authorities cited in the briefs do not sustain the proposition that the city may estop itself by such proceedings. The decision of the Court in the case of Thompson v. Town of Frostproof, 89 Fla. 92, 103 South. Rep. 118, holds merely that the validating decree sets at rest the "validity of said bonds or certificates. against the county, municipality, taxing district, or other political district or

subdivision issuing them, and against all taxpayers and citizens thereof; and the validity of said bonds or certificates shall never be called in question in any court in this State." Reviewing the law as above quoted and referred to, we think there can be no escape from the conclusion that the purpose of a decree validating and confirming bonds thereunder is to put in repose any question of law or fact that may be subsequently raised affecting the validity of such bonds."

There is no question as to the validity of the bonds issued by the City of Haines City, and no attack whatever is made upon the decree of the court in the validation proceedings. It is merely a question of whether such validation proceedings estop the city from denying that the matured coupons are receivable by the city for the payment of taxes.

The decree is reversed with directions to grant the motions to strike the answers.

Reversed.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.