323 So.2d 597 (1975)
FLORIDA STATE UNIVERSITY, Petitioner,
v.
Samuel S. JENKINS, and the Division of Employment Security of the Department of Commerce, Respondents.
No. Z-53.
District Court of Appeal of Florida, First District.
December 23, 1975.
Jean K. Parker, Tallahassee, for petitioner.
Luther C. Smith, Kenneth H. Hart, Tallahassee, for respondents.
BOYER, Chief Judge.
Petitioner, Florida State University (FSU) seeks review by petition for writ of certiorari of an order of the Industrial Relations Commission dismissing petitioner's appeal on the basis that same was not timely filed.
A decision, adverse to contentions asserted by FSU, which was rendered by a referee of the unemployment compensation appeals section was mailed to FSU on December 20, 1974. A notice accompanying the decision stated, among other things, that: "This decision will become final unless within 10 days after the date it is mailed you file an application for review to the Industrial Relations Commission, Room 219, Ashley Building, Executive Center Drive, Tallahassee, Florida 32301." Also recited was the fact that the decision had been mailed on December 20, 1974, and a statement that: "Last date for filing appeal to Industrial Relations Commission: December 30, 1974." The personnel relations *598 department, which is the department of FSU which receives notices of decisions of appeals referees concerning unemployment compensation, was closed at 5:00 p.m. on December 20, 1974, and remained closed until 8:00 a.m. on January 2, 1975. Although the decision and notice were promptly handled by the post office department they were not actually received by the personnel relations department until January 2, 1975. On January 6, 1975, FSU filed an appeal to the Industrial Relations Commission. That appeal was dismissed for lack of jurisdiction and petition for writ of certiorari to this court followed.
Petitioner candidly acknowledges that F.S. § 443.07(4)(b)3 requires that notices of appeal from a decision of an unemployment compensation appeals referee must be filed with the Industrial Relations Commission within 10 days after the date of mailing of notice of such decision. However, petitioner contends that it was not guilty of carelessness nor negligence and that since such notice was not received until after the 10 days had expired, the 10 day statutory time period should not be applicable, citing Miami Dolphins, Ltd. v. Florida Department of Commerce, Fla. App. 3rd 1971, 252 So.2d 396.
Without expressing any view as to the correctness of the above cited decision, we find that the holding there is not applicable here. In that case, the post office department failed to timely deliver the notice "due to the Christmas  New Year's mail glut." Under those circumstances, the Court of Appeals simply held that the employer (Miami Dolphins) should have been permitted to present a defense to the failure to act within the prescribed 10 day period. Such are not the facts sub judice. Here, notwithstanding the Christmas  New Year's glut, the post office department acted promptly and efficiently and the only reason FSU failed to receive the notice and decision was because it closed its doors and did not arrange for anyone of responsibility or authority to receive and examine its mail.
Decisions of appeals referees become final unless appealed within the time prescribed by the applicable statute. (See F.S. 443.07(4)(b) and F.S. 443.07(4)(c)). The powers and authority of administrative boards, commissions and officers are limited to those granted, either expressly or by necessary implication, by the statutes of their creation. (Florida Industrial Commission v. National Trucking Co., Fla.App. 1st 1958, 107 So.2d 397).
The petition for certiorari is denied.
SMITH, J., and SACK, MARTIN, Associate Judge, concur.