Mr. Randy Miller Executive Director, Department of Revenue
QUESTIONS:
1. Is the Department of Revenue authorized under chs. 206, 212, and 214, F.S., to take title to, hold mortgages on, accept assignments of negotiable instruments payable to, or accept interests in other properties owned by a bankrupt, a bankrupt estate or held by a trustee in bankruptcy, in order to secure payment on delinquent taxes?
2. If the Department of Revenue cannot engage in the above transactions, may another agency of the State of Florida, such as the trustees of the Internal Improvement Trust Fund under ch. 253, F.S.?
3. In the event no specific authority for these activities exist, may the necessary authority to enter into these types of arrangements be implied under provisions of existing law?
SUMMARY:
The statutory provisions relative to the Department of Revenue provide no authorization, expressly or by necessary implication, which would authorize the department to take title, hold mortgages on, accept assignments of negotiable instruments payable to, or accept interests in other properties owned by a bankrupt, a bankrupt estate or held by a trustee in bankruptcy, in order to secure payment on delinquent taxes. In the absence of statutory authority, the department is without power to act.
Your first and third questions are answered in the negative.
Your second question relates to the official duties of another agency of the state and I am unable to advise your department as to the authority of other state agencies under statutes not administered and enforced by your agency. However, I note from supplemental material in the file that legal counsel of the Board of Trustees of the Internal Improvement Trust Fund has answered your request to that board for advice on substantially the same question.
As your first and third questions are interrelated, they will be answered together.
AS TO QUESTIONS 1 and 3:
The Department of Revenue, like other administrative agencies, has duties imposed by, and powers derived from, statutes. Administrative bodies, as creatures of the Legislature, are limited by the statutes that create them. St. Regis Paper Co. v. State, 237 So.2d 797 (1 D.C.A. Fla., 1970), affirmed,257 So.2d 253 (Fla. 1971); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974); 1 Fla. Jur.Administrative Law s. 22; accord, AGO 058-228. Thus, the department has no `inherent' authority, but only those powers specifically granted by statute. St. Regis, supra; Department of Health and Rehabilitative Services v. Florida Psychiatric Society, Inc., 382 So.2d 1280 (1 D.C.A. Fla., 1980). Statutory authority given to administrative officers must be exercised in accordance with the requirements of controlling provisions and principles of law. Atlantic Coast Line Railroad Co. v. State, 143 So. 255 (Fla. 1932). In 42 Am. Jur. Public Administrative Law s. 68, p. 379, the following statement is found:
 Administrative authorities are creatures of statute and have only such powers as the statute confers on them. Their powers must be exercised in accordance with the statute bestowing such powers, and they can act only in the mode prescribed by statute . . . .
As stated by the Court, en banc, in Alsop v. Pierce, 19 So.2d 799,805-806 (Fla. 1944):
 When the Legislature has prescribed the mode, that mode must be observed. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way.
See also Weinberger v. Board of Public Instruction of St. Johns County, 112 So. 253 (Fla. 1927); and In Re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520 (Fla. 1975).
Section 20.21, F.S., and chs. 206, 212 and 214, F.S. have been thoroughly examined. I find no provision in those chapters, or elsewhere, that would authorize the Department of Revenue to accept tangible or intangible property, or interest therein, of a bankrupt, a bankrupt estate, or that which is held by a trustee in bankruptcy, in order to secure payment on delinquent taxes. Since the authority for the department to accept property is not authorized under applicable sections of the Florida Statutes, the department cannot act in such a manner or capacity.
While numerous sections authorize the collection of taxes and provide for the enforcement of payment in general terms, several sections provide guildelines indicating what the mode of payment of taxes is to be. Section 206.45, F.S., provides in pertinent part:
 All moneys derived from the gas taxes imposed by part I of this chapter shall be paid into the State Treasury by the department, . . . . (Emphasis supplied.)
Section 212.20(1), F.S., provides in pertinent part:
 The department shall pay over to the Treasurer of the State all funds received and collected by it . . . . (Emphasis supplied.)
Section 214.02, F.S., while granting the department the authority to collect the taxes, provides:
 . . . and shall pay all moneys received by it under such laws into the general revenue fund of the state. (Emphasis supplied.)
Legislative intent that the mode of payment of taxes is to be in money is further found in s. 212.15, F.S., which provides that taxes become state funds at the moment of collection. Furthermore, subsection (2) provides criminal penalties for a person who, with intent to unlawfully deprive or defraud the state of its `moneys,' fails to remit taxes. Specific dollar amounts are stated for classification of the penalty to be imposed.
Additionally, s. 214.05(1), F.S., provides that the `amount stated' in the notice of assessment shall be payable upon receipt of such and s. 212.18(2), F.S., clearly states that the `use oftokens in the collection of this tax is hereby expresslyforbidden and prohibited.' (Emphasis supplied.) Thus, the only
authorized mode of payment is that of money. See 31 Fla. Jur.Taxation s. 379; Op. Atty. Gen. May 21, 1931, Bienniel Report of the Attorney General, 1931-1932, p. 758. As the medium of payment of taxes is prescribed, payment may not be accepted in any other mode. 84 C.J.S. Taxation s. 623. Lastly, both ss. 206.19 and 206.99, F.S., provide that the department shall not settle or compromise any claim for a sum less than the full amount due.
Attorney General Opinion 073-26, in reaching the conclusion that in the absence of any statutory authority, a state agency may not accept credit cards in payment of goods and services or licenses or taxes supplied or collected by it, stated:
 I have not overlooked the fact that some state and county officials customarily accept checks in payment of certain licenses and taxes, contrary to the general rule that, in the absence of a statute so providing, taxes must be paid in cash or money or legal tender. See 84 C.J.S. Taxation s. 623, p. 1242. Accord: Peninsula Land Co. v. Howard, 6 So.2d 384 (Fla. 1942); Wadsworth v. State, 142 So. 529 (Ala. 1932). This custom and usage is apparently recognized by statute as to occupational and beverage licenses and sales taxes. See s. 832.06, F.S., providing for the refund to the tax collector of occupational and beverage license and sales tax funds forwarded to the departments concerned by the tax collector when paid by a check that turns out to be worthless. And see
s. 215.34, id., providing the procedure, as between the state treasurer and the state agency making the deposit, for handling a worthless check given in payment of any `licenses, fees, taxes, commissions or charges of any sort authorized to be made under the laws of the state and deposited in the state treasury . . . .' It might be noted that there is nothing in such statutes to indicate that the acceptance of the check by the official constitutes anything other than a conditional payment and that if the check is never presented or is dishonored, the tax or fee remains a charge. See 84 C.J.S. Taxation s. 623, p. 1243, (Emphasis supplied.)
The above cited Peninsula Land Co. v. Howard case, is directly on point as to your question as `taxes' are an obligation or duty which can be discharged only in money. Haines City v. Certain Lands Upon Which Taxes And Special Assessments Are Delinquent,178 So. 143 (Fla. 1937). Galloway v. Town of Tavares, 19 So. 170 (Fla. 1896). See also AGO's 073-219; 075-13; 077-120 and s. 215.34, F.S.
In conjunction, ch. 213, F.S., which provides general provisions for the state revenue laws consistently refers to `collection ofrevenue' and directs the department to deposit `tax moneys' collected in the appropriate fund as provided by law. Sections 213.01 and 213.10, F.S. Chapters 206, 212 and 214, F.S., contain no provision whatever, expressly or impliedly, authorizing the department to accept and hold mortgages, securities and interests in properties of a bankrupt estate to secure payment on delinquent taxes. While there is no statute expressly prohibiting such action, the prevailing rule of law is that the agency has only such authority or powers as is clearly conferred by statute or necessarily implied from expressly granted or imposed statutory powers or duties. See, e.g., AGO's 071-28; 075-299, 078-77, 078-94, 078-101 and 078-135.
Yet, it must not be forgotten that a statutory grant of power or right carries with it by implication everything necessary to carry out the power or right and make it effectual and complete. Deltona Corp. v. Florida Public Service Commission, 220 So.2d 905 (Fla. 1969); In Re Advisory Opinion to the Governor, 60 So.2d 285 (Fla. 1952); In Re Warner's Estate, 35 So.2d 296 (Fla. 1948); McNeill v. Pace, 68 So. 177 (Fla. 1915).
Although an express power duly conferred may include implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. Molwin Inv. Co. v. Turner,167 So. 33 (Fla. 1936). Any implied power must be necessarily implied from a duty or power which is specifically or expressly granted or imposed by statute. See AGO 075-161; Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975), and also be essential in order to carry out the expressly granted power or duty imposed. Cf. AGO's 078-77, 078-135, 080-52, 080-059, 080-094.
In the situation proposed in your inquiry, there is no necessity to imply the power authorizing the Department of Revenue to accept tangible or intangible property, or interest therein, of a bankrupt, a bankrupt estate, or that which is held by a trustee in bankruptcy, in order to secure payment on delinquent taxes. The statutory scheme clearly sets out the manner of collection and enforcement for payment of taxes and thereby securing payment thereof.
Prepared by: Greg P. Waldbart, Assistant Attorney General