Mr. Joseph D. Farrington Secretary Mat'lacha-Pine Island Fire Control District Route 1, Box 353 Bokeelia, Florida 33922
Dear Mr. Farrington:
This is in response to your request for an opinion on substantially the following question:
 DOES THE GOVERNING BODY OF THE MAT'LACHA AND PINE ISLAND FIRE CONTROL DISTRICT HAVE THE AUTHORITY TO BORROW MONEY FOR CONSTRUCTION PURPOSES?
The Mat'lacha and Pine Island Fire Control District was created by Ch. 63-1558, Laws of Florida. Chapter 63-1558 was ratified by the qualified electors of the district and the district's establishment was approved by the voters at the 1963 general election as required by the special act. Section 3 of Ch. 63-1558 provides that the fire control board as the governing body of the district is authorized and empowered on behalf of the district `to buy, own and maintain a fire department within the district and to purchase, own and dispose of fire fighting equipment and property, real or personal, that the board may from time to time deem necessary or needful to prevent and extinguish fires within said district.' For purposes of carrying into effect Ch. 63-1558, the board annually is required to make an itemized estimate of the amount of money needed for the next fiscal year which shall show for what purpose such moneys are required and the amount necessary to be raised by taxation within the district; the estimate shall be presented in writing to the board of county commissioners on or before the first Monday in July of each year. Section 5, Ch. 63-1558, as amended by s 1, Ch. 65-1827, Laws of Florida. Upon the receipt of such estimate and a certificate of public posting of copies of the estimate, the Lee County Board of County Commissioners shall at the time of making and fixing the rate of annual taxation for county purposes `fix and cause to be levied on all property of said district real and personal, a millage sufficient to meet the requirements of such estimate so made by said fire control board, provided, however, two (2) mills is the maximum that can be levied in any one year.' Section 6, Ch. 63-1558. And see, ss 12, 13 and 14, Ch. 63-1558, as amended by ss 2, 3 and 4 of Ch. 79-501, Laws of Florida, which authorize the fire control district to impose special assessments and user fees or service charges as the method of financing the operation and maintenance of the district's emergency ambulance service. Cf., AGO 082-53 stating that the Mat'lacha and Pine Island Fire Control District is not authorized to use ad valorem tax revenues to finance the district's ambulance service. I find no provision in Ch. 63-1558, as amended by Chs. 65-1827, 76-401, 79-501, 80-522 and 81-414, Laws of Florida, however, which expressly provides for or authorizes the fire control district to borrow money for construction purposes or otherwise.
This office and the courts of this state have stated that special districts possess only such powers and authority as have been expressly granted by law or necessarily implied therefrom in order to carry out an expressly granted power. See, Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District,82 So. 346 (Fla. 1919); State v. Smith, 35 So.2d 650 (Fla. 1948); Edgerton v. International Co., 89 So.2d 488 (Fla. 1956); AGO's 076-200, 074-169; 073-374 and 069-130. Thus, as statutory entities, special districts possess no inherent power to borrow money but rather may exercise such a power only when authorized to do so by law and then only in the manner, within the limits, and for the purposes prescribed. See, AGO's 073-374 and 076-200. Seealso, 15 McQuillin, Municipal Corporations s 39.07 (power to borrow money and create indebtedness is not an incident to local government and such power cannot be exercised unless conferred expressly or by necessary implication). Chapter 63-1558, Laws of Florida, as amended, does not expressly authorize the fire control district to borrow money, nor can I say that such power may be necessarily implied from the powers expressly granted therein.
While the district is authorized to purchase, own and dispose of real and personal property needed for fire prevention purposes, as this office noted in AGO 073-374, the power to borrow money is not `necessary' or indispensable to carry out the function of purchasing property; rather such property may be purchased from current revenues. Although an express power duly conferred by statute may include the implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. See, Molwin Investment Co. v. Turner, 167 So. 33
(Fla. 1936); Southern Utilities Co. v. City of Palatka, 99 So. 236
(Fla. 1926). See also, Florida State University v. Jenkins,323 So.2d 597 (1 D.C.A. Fla., 1975) (power to be implied must be essential in order to carry out expressly granted power or duty imposed); Haines City v. Certain Lands, Etc., 178 So. 143 (Fla. 1937) (power sought to be implied from express grant of power must be necessary, indispensable or essential, not merely convenient, to the attainment of the declared objects and purposes). And see, 15 McQullin, Municipal Corporations s 39.07 stating that the prevailing rule is that the power to borrow money and to issue notes therefor cannot be implied from the mere authority to purchase property and erect public buildings.
Thus in AGO 076-200, this office concluded that the Captiva Fire Control District, in the absence of any statute so providing, was not authorized by law to borrow money to construct a firehouse building. While the special act creating that district authorized the district's governing body to purchase, own and dispose of property and further provided that the special act was to be liberally construed to promote the purposes for which the disdtrict was created, it did not expressly authorize the district to borrow money. Such power could not, in this office's opinion, be implied. Accord, AGO 073-374. Similarly, with respect to the instant inquiry, while the governing body of the Mat'lacha and Pine Island Fire Control is expressly authorized to purchase, own and dispose of property, real or personal, and while Ch. 63-1558, provides that the act shall be liberally construed to promote the purpose for which it is intended, Ch. 63-1558, as amended, does not expressly authorize the district to borrow money; nor can such authority, in my opinion, be implied therefrom. There being no statutory provision which either expressly or by necessary implication authorizes the Mat'lacha and Pine Island Fire Control District to borrow money for construction purposes or otherwise, the district is not authorized by law to do so.
In conclusion, therefore, I am of the opinion that in the absence of specific statutory authorization, the Mat'lacha and Pine Island Fire Control District is not authorized by law to borrow money for construction purposes.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General