Mr. Ronald W. Thomas Executive Director Department of General Services The Larson Building Tallahassee, Florida 32301
Dear Mr. Thomas:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE DEPARTMENT OF GENERAL SERVICES IS AUTHORIZED TO ENTER INTO CONTRACTS WHEREIN THE STATE'S REMEDIES ARE GOVERNED BY A LIMITATION OF REMEDIES AGREEMENT.
You have informed this office that for several years, the Division of Purchasing of the Department of General Services and other state agencies have been using a limitation of remedies agreement for all computer and computer-related peripheral equipment acquisition. The agreement limits the contractor's liability for damages to the state for any cause and regardless of the form of action to the greater of $100,000 or the price of the specific equipment that caused the damage or was the subject matter of, or directly related to, the cause of action. The foregoing limitation of liability does not apply to the payment of cost and damage awards relating to patents and royalties, claims for reprocurement costs or the cost of cover pursuant to Rule 13A-1.06(4), F.A.C., or to claims for personal injury or damage to real or personal property caused by the contractor's tortious conduct. The agreement also exempts the contractor from liability for any lost profits or other consequential damages, even if the contractor had been advised of the possibility of such damages, or for any damages arising out of performance or nonperformance of machines or programming located outside of the United States or Puerto Rico. According to your letter some agencies have apparently entered into contracts which provide for even lower dollar limitations upon the state. The Department of General Services is concerned that it may not have the authority to enter into such limitation of remedies agreements.
Under s 287.032(1), F.S., the Division of Purchasing of the Department of General Services, hereafter the Division, is charged with the responsibility of promoting efficiency, economy, and the conservation of energy, and coordinating the purchase of commodities for the state. To carry out such function the Division has been granted the power and duty, inter alia, to contract for the purchase, lease, or acquisition in any manner, of all commodities required by any agency under competitive bidding or by contractual negotiation; to plan and coordinate purchases in volume and to negotiate and execute purchasing agreements and contracts under which the Division shall require state agencies to purchase commodities; to prescribe the methods of securing competitive bids and proposals or negotiating and awarding commodity contracts, unless otherwise provided by law; and to govern the purchase by any agency of any commodity, to establish standards and specifications for any commodity and to set the maximum fair prices that shall be paid for any commodity. See, s287.042(1)(a), (2), (5), and (7), F.S. (1984 Supp.). Cf., s287.001, F.S. It is apparent that the acquisition of computer and computer-related peripheral equipment falls squarely within the ambit of Ch. 287, F.S. See, s 287.012(3), F.S. (1984 Supp.), as amended by s 29, Ch. 85-349, Laws of Florida, defining the term "commodity" as "any of the various supplies, materials, goods, merchandise, . . . equipment, and other personal property purchased, leased, or otherwise contracted for by the state and its agencies." And see, s 287.012(1), F.S. (1984 Supp.), defining agency as "any of the various state officers, departments, boards, commissions, divisions, bureaus, and councils and any other unit of organization, however designated, of the executive branch of state government."
The accepted rule in Florida is that administrative agencies may only employ powers which are expressly authorized by statute or necessarily implied from such express powers. State v. Atlantic Coast Line R. Co., 47 So. 969 (Fla. 1908). See also, Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); Gardinier, Inc. v. Florida Department of Pollution Control,300 So.2d 75 (1 D.C.A.Fla., 1974) (powers of statutory agency are not inherent but derivative only and are limited to those expressly or by necessary implication granted by statute); Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A.Fla., 1975) (powers and authority of administrative boards, commissions and officers are limited to those granted, either expressly or by necessary implication, by the statute of their creation). Cf., AGO's 72-28, 72-67, 72-298, 72-368, 75-120, 75-161, 75-299. And see, 1 Fla.Jur.2d Administrative Law s 21 p. 557 ("the decided tendency of modern decisions, in construing statutes defining the powers and duties of administrative boards or commissions, is to hold that the power sought to be exercised must be made to appear affirmatively before it can be legally exercised"). Administrative agencies are also constrained not to expand their authority beyond that provided in the statutory grant, nor to amend such provisions. State, Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787 (1 D.C.A.Fla., 1982), pet. for rev. den., 436 So.2d 98 (Fla. 1983); Seitz v. Duval County School Board, 366 So.2d 119 (1 D.C.A.Fla., 1979); Department of Transportation v. James, 403 So.2d 1066 (4 D.C.A.Fla., 1981). See generally, 73 C.J.S. Public Administrative Law and Procedure s 52.a. If any doubt exists as to whether a particular power has been statutorily granted, such doubt must be resolved against the employment of that power. State v. Atlantic Coast Line R. Co. supra; State ex rel. Greenberg v. Florida State Board of Dentistry, supra. Thus, the powers of administrative agencies must affirmatively appear from the enactment under which they claim to act.
While an administrative agency possesses certain implied powers, such implied powers must be necessary or essential to carry out those powers and duties expressly granted or imposed by statute. See, 1 Fla.Jur.2d Administrative Law s 21, p. 556 (while administrative agencies may possess implied as well as expressed powers, a power which is not expressed must be reasonably implied from the express terms of the statute, or, it must be such as is by fair implication and intendment incident to and included in the authority expressly conferred). See also, Florida Industrial Commission ex rel. Special Disability Fund v. National Trucking Company, 107 So.2d 397 (1 D.C.A.Fla., 1958); Florida State University v. Jenkins, supra. Cf., AGO's 76-145, 78-101. And see, Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936) (express power duly conferred may include implied authority to use means necessary to make the express power effective, but such implied authority may not warrant the exercise of a substantive power not conferred).
Chapter 287, F.S., does not expressly grant the power to the Division to enter into a limitation of remedies agreement of the type under consideration. While the Division is given the power to negotiate certain contractual elements such as price and method and time of payment, see, s 287.042, F.S. (1984 Supp.), as amended by Chs. 85-2 and 85-25, Laws of Florida, it does not necessarily follow that the Division may bargain away a significant measure of the state's right of redress, nor can I conclude that such authority may be implied as necessary or essential to carrying out the Division's authority to contract for the acquisition of commodities. By limiting the contractor's liability for damages for any cause (with certain specified exceptions), the state could, in effect, act as an indemnitor of the contractor for damages which exceed the limits specified in the agreement. In the absence of any judicial or legislative determination on this issue, I cannot state that the department possesses the authority to enter into such an agreement.
The fact that other state agencies have entered into similar limitation of remedies agreements in the past is also unpersuasive. See, 73 C.J.S. Public Administrative Law and Procedure s 49, p. 494 ("Mere usage cannot be invoked to invest administrative officers, agencies, or bodies with authority or powers not fairly within the legislative grant, and if prevailing administrative practices are clearly contrary to the spirit and purpose of law, they must be disregarded entirely.") And see, National Bank of Jacksonville v. Duval County, 34 So. 894, 895
(Fla. 1903), wherein the court stated: "While the contract made with plaintiff may have been wise from a business point of view . . . we have been unable to find a statute granting the power to make it, or granting any other power from which we can clearly imply the one here attempted to be exercised."
Therefore, until legislatively or judicially determined otherwise, it is my opinion that the Department of General Services is not authorized to enter into a limitation of remedies agreement whereby the contractor's liability for damages to the state for any cause and regardless of the form of action (with certain specified exceptions) is limited.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General