Dear Mr. Santiago:
On behalf of the Board of Supervisors of the Lake St. Charles Community Development District, you have requested my opinion on the following questions:
1. May the Lake St. Charles Community Development District expend surplus district funds in support of an activity not directly related to operations and maintenance of the district facilities, namely a holiday event activity for district residents and the purchase of food or beverages for such an event?
2. If the answer to Question One is in the negative, may the district expend interest earned on district funds or interest earned on surplus funds invested pursuant to Chapter 218, Florida Statutes, for a holiday event activity for district residents and the purchase of food or beverages for such an event?
Question One
The Lake St. Charles Community Development District is a local unit of special-purpose government created pursuant to Chapter 190, Florida Statutes. The district was created in 1995 by a Hillsborough County ordinance,[1] as required by section 190.005(1), Florida Statutes. The ordinance creates the district and authorizes it to "exercise the powers described and authorized in Sections 190.01, 190.012(1), (2)(a), (b), (d), (e) and (f), and (3), Florida Statutes."[2]
The "Uniform Community Development District Act of 1980,"[3]
Chapter 190, Florida Statutes, reflects the Legislature's determination that there is a need for uniform procedures in state law to authorize the establishment of community development districts to provide for the planning, management, and financing of capital infrastructure.[4] The act constitutes the sole authorization for creating independent community development districts having the specialized functions and powers provided by the act.[5]
Section 190.011, Florida Statutes, describes the general corporate powers that community development districts may exercise. These general powers include the authority to contract, apply for retirement coverage for employees, contract for the services of legal, engineering, or other professional consultants, borrow money, and adopt administrative rules for the district. Community development districts are authorized by the act to impose user fees, assess ad valorem taxes, and levy special assessments for district purposes.[6]
Section 190.012, Florida Statutes, makes provision for special powers of these districts relating to public improvements and community facilities authorized by the act. Community development districts are authorized by section 190.012 to finance, establish, construct, equip, operate, and maintain systems and facilities for basic infrastructure of the districts. This basic infrastructure includes water management and control facilities, water supply, sewer, and wastewater management systems, bridges or culverts within the district, and district roads.[7] The primary purpose for the establishment of community development districts is to provide for the planning, management, and financing of capital infrastructure and the exercise of the special powers set forth in section 190.012, Florida Statutes, facilitates accomplishment of this primary task.
Nothing in Chapter 190, Florida Statutes, authorizes the Lake St. Charles Community Development District to expend funds for activities unrelated to the mission of the district.
The Lake St. Charles Community Development District's powers are measured by the terms of the act under which it is organized and it can exercise no authority that has not clearly been granted to it by the Legislature or which is necessarily implied from the powers conferred.[8] While an express power duly conferred may include the implied authority to use the means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred.[9] Any implied power must be necessarily derived from a duty that is specifically or expressly imposed by statute.[10] Any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[11]
Municipalities, unlike special districts, possess home rule powers and, as reflected in the statutes, municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law."[12] This is not the case with special districts, which are strictly limited to the exercise of those powers expressly granted to them by the Legislature.
Therefore, it is my opinion that the Lake St. Charles Community Development District is not authorized to expend surplus district funds in support of activities such as holiday social events that are not within the scope of those powers and duties set forth in sections190.011 and 190.012, Florida Statutes, and Hillsborough County Ordinance No. 95-30.
Question Two
You have also asked whether, if this office determines that the district is not authorized to expend surplus funds on holiday events, the district may use interest earned on district funds to support these activities.
This office has concluded on numerous occasions that in the absence of a statute directing how the interest is to be used, interest earned on invested funds generally follows the principal. For example, this office stated in Attorney General Opinion 77-26 that interest earned on the investment of the proceeds of a revenue bond issue deposited in a construction trust fund established by resolution of a district school board could not be lawfully used by the school board to meet a deficit in its operating budget. Rather, the proceeds of the revenue bond issue and any interest earned on those proceeds could only be used for the projects and purposes defined and designated in the enabling statute and enabling resolution. Any diversion of moneys deposited in such a trust fund, or the accrued interest, to any purpose other than those prescribed in the enabling legislation and bond enabling resolution, or in the bonds or certificates issued and sold thereunder, was invalid.
Similarly, in Attorney General Opinion 92-13, this office concluded that interest accumulating on taxes deposited in a bank prior to distribution follows the taxes. Again, in Attorney General Opinion 94-39, this office stated that interest accumulated on invested impact fees may be used to replace fees not collected due to waivers or deferrals for low income housing, as long as such interest was used for the purpose for which the specific fund was created.[13]
Accordingly, I am of the opinion that in the absence of statutory direction, the interest earned on Lake St. Charles Community Development District funds may only be expended for the same purposes that district revenues may be used and may not be used for activities outside the scope of sections 190.011 and 190.012, Florida Statutes, and Hillsborough County Ordinance No. 95-30. As the district must use these funds for district purposes, the board of supervisors may wish to consider reducing rates for residents of the district using this surplus and interest to accomplish such reductions.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] Hillsborough County Ordinance No. 95-30.
[2] Id. at s. 3.
[3] Section 190.001, Fla. Stat., provides the short title for the act.
[4] Section 190.002(1)(a), Fla. Stat.
[5] Sections 190.004(1) and 190.005, Fla. Stat.
[6] Sections 190.011 (9), (10), (13), and (14), Fla. Stat.
[7] Sections 190.012 (1)(a) — (d), Fla. Stat.
[8] See Forbes Pioneer Boat Line v. Board of Commissioners ofEverglades Drainage District, 82 So. 2d 346 (Fla. 1919); Ops. Att'y Gen. Fla. 80-55 (1980), 74-169 (1974), and 73-334 (1973). Cf., Op. Att'y Gen. Fla. 83-44 (1983), concluding that the Florida Inland Navigation District does not have statutory authority to expend district monies to fund a special marine patrol troop, to provide funds on a matching basis and as outright grants for public information and educational programs.
[9] Molwin Investment Company v. Turner, 167 So. 33 (Fla. 1936); Ops. Att'y Gen. Fla. 78-101 (1978), 78-94 (1978), and 75-299 (1975).
[10] See Florida State University v. Jenkins, 323 So. 2d 597 (Fla. 1st DCA 1975); Ops. Att'y Gen. Fla. 03-49 (2003) and 73-374 (1973).
[11] See Halifax Drainage District of Volusia County v. State,185 So. 123, 129 (Fla. 1938); State ex rel. Greenberg v. Florida StateBoard of Dentistry, 297 So. 2d 628 (Fla. 1st DCA 1974), cert.dismissed, 300 So. 2d 900 (Fla. 1974); City of Cape Coral v. GACUtilities, Inc., of Florida, 281 So. 2d 493 (Fla. 1973).
[12] Section 166.021(1), Fla. Stat.
[13] And see Ops. Att'y Gen. Fla. 88-01 (1988) (interest earned on funds generated by a tax levy pursuant to s. 236.25(2), Fla. Stat., must be applied to the purposes for which the tax was levied) and 02-32 (2002); 85 C.J.S. Taxations. 1064 (except insofar as the Legislature changes the rule, interest, penalties, and cost collected on delinquent taxes follow the tax and the apportionment thereof).