300 So.2d 75 (1974)
GARDINIER, INC., Petitioner,
v.
FLORIDA DEPARTMENT OF POLLUTION CONTROL, Respondent.
No. U-330.
District Court of Appeal of Florida, First District.
June 11, 1974.
*76 Ted R. Manry, III and William Barrett Taylor, IV, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for petitioner.
Robert L. Shevin, Atty. Gen. and James R. Brindell, Asst. Atty. Gen., for appellee.
BOYER, Judge.
By Petition for Writ of Certiorari, Gardinier, Inc., presents the following point, viz: Does the Florida Department of Pollution Control have the authority, as a condition to an extension of a temporary operating permit, to require the posting of a bond, the condition of which is absolute forfeiture in the event of failure to strictly adhere to the compliance schedule?
Petitioner operates a fertilizer manufacturing company which discharges waste into the waters of Tampa Bay. On June 9, 1970 the respondent, Florida Department of Pollution Control, sent to petitioner a notice of violation, stating that the State's Water Quality Standards were being violated by the waste discharge. The notice was followed by an order of August 19, 1970 directing petitioner to present a preliminary engineering report on an abatement program. On January 8, 1971 the petitioner was ordered to undertake an abatement program, with a completion date of January 1, 1973. The abatement program not having been completed by the above date, respondent issued a temporary operating permit, allowing petitioner to operate in violation of State Standards while it completed its abatement program. The temporary operating permit had an expiration date of August 1, 1973. Upon application by petitioner an extension of the temporary operating permit was granted to December 24, 1973. Numbered paragraph four of the latter order gives rise to this controversy. It provides as follows:
"The Company will post a surety bond in the amount of $150,000 conditioned upon strict adherence to the reduction schedule proposed by the Company; if the Company does not meet their final compliance date of December 24, 1973, then the entire bond in the amount of $150,000 shall stand forfeited. This bond shall not displace other adminstrative or civil remedies of the Board, but shall serve as security for them."
Petitioner stresses that it does not question the power and authority of respondent to require a financial security bond but it does challenge the conditioning of the bond "upon strict adherence to the reduction schedule" and the provision that "if the Company does not meet their final compliance date of December 24, 1973, then the entire bond in the amount of $150,000 shall stand forfeited."
We agree with petitioner.
Respondent's birth and each breath of life is derived from Chapter 403, Florida Statutes, F.S.A. Pertinent here are Sections 403.061(16), 403.121, 403.141, 403.161 and 403.161(2). No useful purpose will be accomplished by quoting those statutes here.
It has long been established law that a statutory agency possesses no inherent powers. Its powers are derivative only, depending upon the statute by which it is created. Its powers are limited to those granted, either expressly or by necessary implication, by the statute of its creation. (St. Regis Paper Company v. State, Fla. App. (1st) 1970, 237 So.2d 797)
Florida Statute 403.121, F.S.A. provides for enforcement procedures for violations of the act. It is noted that written notice and an evidentiary hearing to establish facts of the violation are specifically required. Florida Statute 403.161, F.S.A. provides penalties for violation or failure to comply with an order of the department and subsection (2) thereof provides that "violation is punishable by a civil penalty *77 of not more than $5,000 for the first offense and of not more than $5,000 for each offense thereafter." It is also provided that each day during any portion of which such violation occurs constitutes a separate offense. It is further provided that whoever commits a violation specified in subsection (1) of F.S. 403.161 is liable to the State for any damage caused and for civil penalties as provided in Section 403.141. The latter statute clearly provides that the violator is "subject to the judicial imposition of a civil penalty for each offense in an amount of not more than $5,000 per offense." Further provision is made for the court to receive evidence in mitigation.
Florida Statute 403.121(2), F.S.A. provides for an alternative procedure for establishing liability and assessment of administrative damages after hearing, and the obtaining of a judgment upon failure to pay such damages.
It is apparent therefore that the legislature intended that no fine, forfeiture or penalty should be exacted against any citizen for violation of any order of the department or any provision of the act, or for damages flowing from any act of pollution, unless and until such person was granted either an administrative or judicial hearing to determine the nature and extent of the damage or penalty to be exacted. It is equally clear that civil liability is limited to $5,000 for each offense.
We are not here concerned with whether the Florida Department of Pollution Control should, or was required to, grant the extension of the temporary operating permit. That point is not before us. However, it determined so to do, and in doing so it must adhere to the law. It may not exact promises or conditions beyond its authority; its authority being circumscribed by the act by which it was created.
Chief Judge Rawls, in St. Regis Paper Co. v. State, supra, said:
"* * * What we have defiled over a period of more than 100 years cannot be sanitized in one day, one month, one year, or by one law. Now is not the time to discard concepts of due process, fair play and substitute `quick justice' in the name of `kill the pollutants'." (at page 798 of 237 So.2d)
* * * * * *
"* * * The emphasis is upon prevention and abatement; not upon enriching the coffers of the State treasury or its prison population. The legislative scheme is primarily directed towards reestablishing a livable habitat for man; not the abatement or elimination of the industries and governmental units which are guilty of polluting our environment." (at page 800 of 237 So.2d)
The Supreme Court of Florida, in State, Air & W. Pol. Con. Com'n. v. St. Regis Paper Co., Sup.Ct.Fla. 1971, 257 So.2d 253, agreed with the District Court and further said:
"Although Fla. Stat. § 403.121(1), (2) and (3), F.S.A. are concerned with enforcement by the Commission of the laws under the Chapter, these enactments do not address themselves to the imposition of penalties. Penalties are provided for under Fla. Stat. § 403.161(2) and (3), F.S.A. and imposition of penalties is made a judicial matter under Subsection (4). Before the penalty stage can be reached, however, the alleged violator is entitled to notice and a hearing before the Commission. But once the due process safeguards are met and the Commission has determined that one or more violations have occurred, it is then free to initiate a complaint seeking judicial imposition of penalties; * * *" (at page 255)
The order here questioned specifically provides that if petitioner should fail to meet the final compliance date "then the entire bond in the amount of $150,000 *78 shall stand forfeited." A bond written in accordance with that order would be self executing as a forfeiture upon the Board's unilateral determination of noncompliance. Forfeiture of the entire $150,000 is required regardless of the type, extent or duration of any violation. There is no provision for hearing mitigating evidence as provided by the act.
It is one thing to require a surety bond against which the Department could execute once it has obtained a judicial determination of the appropriate penalty for failure to abide by the schedule, but it is quite another thing to require the posting of a bond which "shall stand forfeited" upon failure of "strict adherence to the reduction schedule", even though such failure be beyond the control of the principal and surety on the bond.
The provisions of Chapter 403, Florida Statutes, F.S.A. regarding determination of liability and the imposition and enforcement of fines and penalties are penal in nature, and must be considered exclusive to the extent that they must be strictly construed in favor of those sought to be regulated or penalized. (See Brown v. Watson, 1934, 116 Fla. 56, 156 So. 327; Main v. Benjamin Foster Co., 1939, 141 Fla. 91, 192 So. 602; Allure Shoe Corporation v. Lymberis, Sup.Ct.Fla. 1965, 173 So.2d 702; Lollie v. General American Tank Storage Terminals, 1948, 160 Fla. 208, 34 So.2d 306)
The Petition for Writ of Certiorari to the Florida Department of Pollution Control is granted and numbered paragraph 4 of its order of August 13, 1973 is quashed; provided however, said paragraph of said order may be amended to require of petitioner a surety bond conditioned in accordance herewith.
It is so ordered.
RAWLS, C.J., and McCORD, J., concur.

ON RE-HEARING GRANTED
PER CURIAM.
In our opinion in this cause, we made the following statement: "Florida Statute 403.121 F.S.A. provides for enforcement procedures for violations of the act. It is noted that written notice and an evidentiary hearing to establish facts of the violation are specifically required." Our quote from State Air and Water Pollution Control Commission v. St. Regis Paper Company, Fla., 257 So.2d 253 was to the same effect. Respondent correctly points out that this case dealt with an interpretation of Chapter 403, Florida Statutes, as it existed prior to the enactment of the current Section 403.121(1)(c), Florida Statutes, which states as follows:
"It shall not be a defense to, or ground for dismissal of, these judicial remedies for damages and civil penalties that the department has failed to exhaust its administrative remedies, has failed to serve a notice of violation, or has failed to hold an administrative hearing prior to the institution of a civil action."
Petition for rehearing is granted and the language of our opinion is modified in recognition of the change brought about by the above-quoted change in the statute. However, we adhere to our holding.
RAWLS, C.J., and McCORD and BOYER, JJ., concur.