The Honorable Fred Roche Secretary Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32301
Dear Secretary Roche:
This is in response to your request for an Attorney General Opinion on substantially the following question:
 WHETHER AN ADMINISTRATIVE BOARD WITHIN THE DEPARTMENT OF PROFESSIONAL REGULATION IS AUTHORIZED TO INITIATE ADMINISTRATIVE PROCEEDINGS AGAINST ANOTHER BOARD?
Your letter states that there are several professional boards under the jurisdiction of the Department of Professional Regulation that are often involved in litigation. Occasionally such boards find themselves on adversarial sides of an issue. Frequently one of these boards believes that another board has adopted administrative rules regulating matters which should more appropriately be within its scope of regulation. You inquire regarding the authority of an administrative board to initiate administrative proceedings against another board under such circumstances.
The power and authority of administrative boards, commissions and officers are limited to those granted, either expressly or by necessary implication, by the statute of their creation.
See, Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A.Fla., 1975). And see, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75 (1 D.C.A.Fla., 1974). See generally, 73 C.J.S. Public Administrative Law and Procedure s 50. While an administrative agency may make and enforce regulations to carry out powers definitely conferred on it, it cannot be clothed by the Legislature with, nor can it assume, the power to do more. See, State ex rel. Hathaway v. Smith, 35 So.2d 650 (Fla. 1948). See also, Keating v. State ex rel. Ausebel, 167 So.2d 46 (1 D.C.A.Fla., 1964), quashed on other grounds, 173 So.2d 673 (Fla. 1965) (an administrative board or office which is solely of statutory creation has only such limited and special powers as are legally conferred upon it by statutes expressly or impliedly for the purpose of carrying out the aims for which they were established).
I am not aware of any statutory provision contained in Ch. 455, F.S., or otherwise, which would authorize an administrative board within the Department of Professional Regulation to initiate administrative proceedings against another board nor have you brought any such authority to my attention. The express statutory powers of administrative boards appear to primarily address the regulation of its licensees by the board through licensing and disciplinary functions of such boards. See, e.g., s 458.309, F.S., authorizing the Board of Medical Examiners to make rules not inconsistent with law as may be necessary to carry out the duties and authority conferred on the board by Ch. 458, F.S., s 458.311, F.S. (1984 Supp.), providing for the licensure of physicians by the Board of Medical Examiners, and s 458.331, F.S., setting forth grounds for disciplinary action by the Board of Medical Examiners; s 460.405, F.S., authorizing the Board of Chiropractic to make rules as may be necessary to carry out the duties and authority conferred upon the board by Ch. 460, F.S., s 460.406, F.S., requiring the licensure of chiropractic physicians by the Board of Chiropractic, and s 460.413, F.S., establishing grounds for disciplinary action by the Board of Chiropractic. Cf., e.g., s459.001, F.S. ("[t]he sole legislative purpose in enacting this chapter is to ensure that every osteopathic physician practicing in this state meet minimum requirements for safe practice"); s464.002, F.S. ("[t]he sole legislative purpose in enacting this chapter is to ensure that every nurse practicing in this state meet minimum requirements for safe practice"); s 465.002, F.S. ("[t]he sole legislative purpose for enacting this chapter is to ensure that every pharmacist practicing in this state and every pharmacy meet minimum requirements for safe practice").
I would note that s 455.211(1), F.S., provides that the Secretary of the Department of Professional Regulation has standing to challenge any rule or proposed rule pursuant to s 120.54, F.S. (1984 Supp.), and s 120.56, F.S. Further, s 455.211(2), F.S., states that the Secretary or a board shall be a substantially interested party for purposes of s 120.54(5), F.S., which provides that any person regulated by an agency or having a substantial interest in an agency rule may petition the agency to adopt, amend or repeal a rule. While s 455.211(2), F.S., states that a board may be an adversely affected party and, in this posture may initiate and maintain an action pursuant to s 120.68, F.S., challenging final agency action, this reference would appear to relate to the authority of a particular board to seek judicial review if, pursuant to the provisions of s 455.211(1), F.S., all or part of a proposed rule of the board is challenged or declared invalid. See, s 455.211(1), F.S., setting forth those factors upon which a rule or proposed rule or part thereof may be declared invalid. Further, ss 120.54(4)(a) and 120.56, F.S., authorize any substantially affected person to seek an administrative determination of the validity of any rule or proposed rule on the ground that such rule or proposed rule is an invalid exercise of delegated legislative authority. And see, ss 120.52(1) and (12), F.S., which define the term "person" to include a board. As discussed herein, administrative agencies and boards may exercise only such authority as expressly or by necessary implication is conferred by law. It does not appear that an administrative board whose powers relate to the regulation of its licensees through licensure and discipline possesses the express or necessarily implied statutory authority to initiate administrative proceedings against another administrative board pursuant to ss 120.54 or120.56, F.S.
In addition, s 120.545, F.S., provides that, as a legislative check on the exercise of an agency's rulemaking authority, the Administrative Procedures Committee shall examine each proposed rule and existing rule, with the exception of those exempted by s120.54(11)(a), F.S. (1984 Supp.), for the purposes of determining whether:
 (a) The rule is within the statutory authority upon which it is based;
(b) The statutory authority for the rule has been repealed;
(c) The rule reiterates or paraphrases statutory material;
(d) The rule is in proper form;
 (e) The notice given prior to its adoption was sufficient to give adequate notice of the purpose and effect of the rule; and
 (f) The economic impact statement accompanying the rule is adequate to accurately inform the public of the economic effect of the rule.
If the committee objects to a proposed or existing rule it shall certify its objections to the agency whose rule has been examined and shall state its objections with particularity. Thereafter, the agency shall take action as prescribed by s 120.545, F.S.
In the absence of any statutory authority pursuant to Ch. 455, F.S., or otherwise, I must conclude that administrative boards within the Department of Professional Regulation possess no authority to initiate administrative proceedings against other such boards under the circumstances set forth in your letter.
In sum, it is my opinion, until legislatively or judicially determined otherwise, that administrative boards within the Department of Professional Regulation do not possess the statutory authority to initiate administrative proceedings in order to challenge the rules of other such boards.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General