Mr. Robert T. Feldman Attorney for Key West Redevelopment Agency 417 Eaton Street Key West, Florida 33040
Dear Mr. Feldman:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS THE BOARD OF COMMISSIONERS OF THE KEY WEST REDEVELOPMENT AGENCY AUTHORIZED TO PARTICIPATE IN A SUB-LEASE AGREEMENT WITH THE U.S. GOVERNMENT FOR THE SOLE PURPOSE OF MAINTAINING THE PROPERTY KNOWN AS THE HARRY S. TRUMAN ANNEX UNTIL A SALE OF THE PROPERTY TO A THIRD PARTY OCCURS?
Your letter states that the Legislature created the Key West Redevelopment Agency in 1981 to provide for the planning, coordination, and financing of and to implement the rehabilitation, revitalization, conservation, and redevelopment of the property known as the Harry S. Truman Annex located in the City of Key West, Florida. When the agency was created, it was anticipated that the agency would purchase this property from the General Services Administration of the federal government and together with a private developer, would rehabilitate and develop the property for the benefit of the City of Key West. However, this plan did not materialize and the General Services Administration is in the process of selling the property to a private individual.
The Key West Redevelopment Agency has, since its creation in 1981, participated in a lease agreement with the U.S. Navy wherein the agency maintains the property at the Truman Annex.
The Navy has requested that the agency continue under the lease agreement to care for this property and maintain it until the sale of the property is completed and the new owner takes possession. Thus, in your capacity as attorney for the agency, you have requested an opinion concerning the authority of the agency in this regard.
Initially, I would note that this opinion deals exclusively with the authority of the Key West Redevelopment Agency pursuant to Ch. 81-405, Laws of Florida. I am not aware of nor have you brought to my attention the specific provisions of any contract to which the agency is a party and no comment is expressed herein regarding any such contract.
The Key West Redevelopment Agency was created by Ch. 81-405, Laws of Florida. Section 3, Ch. 81-405, Laws of Florida. Section 1, Ch. 81-405, supra, states that the condition of the property designated the Harry S. Truman Annex has deteriorated over a period of years for certain specified reasons and that this deterioration is detrimental to the City of Key West having a viable core area around which community life may focus. Section 1(1) and (2), Ch. 81-405, supra. This legislation provides that it is in the public interest and would serve a public purpose "to provide methods to halt further deterioration and facilitate the rehabilitation, revitalization, conservation and redevelpment of lands and the structures and improvements thereon and thereto within the Truman Annex." (e.s.) Section 1(3), Ch. 81-405, Laws of Florida. In enacting these provisions, the Legislature stated that:
 It is hereby found, determined and declared that the cooperation of the county and the city in the rehabilitation, revitalization, conservation and redevelopment of such Federal Government owned lands and the encouragement of participation by private enterprise in such rehabilitation, revitalization, conservation and redevelopment, through industrial development revenue bond financing assistance or otherwise, by means of the Key West Redevelopment Agency hereby recreated and by the exercise of its powers herein granted, is in the best interest of the health, welfare and economy of the city and of the county and their citizens and inhabitants, and constitutes a public purpose. (e.s.)
Section 1(5), Ch. 81-405, Laws of Florida. Section 1(2) of the act recognizes that "the property comprising the Harry S. Truman Annex may be available for purchase and redevelopment . . .; and it is in the public interest that should such property become available for purchase from the Federal Government that an appropriate public body be authorized to do so. . . ." And see, s. 6, Ch. 81-405, Laws of Florida, designating the Key West Redevelopment Agency as the appropriate public body to negotiate for and acquire the Truman Annex; and providing that if pursuant to federal law or administrative regulation the federal government may only convey the Truman Annex to a state governmental entity other than the agency, then the entity and the agency shall cooperate and negotiate for the conveyance of such property to the agency. However, despite legislative recognition that the property designated as the Truman Annex may be available for purchase and designation of the Key West Redevelopment Agency as the appropriate public body to negotiate for and acquire this property, the powers and authority of the agency are not made dependent or contingent upon the sale of such property to the redevelopment agency.
The specific powers and duties of the Key West Redevelopment Agency are set out in s. 5 of the act and include the following:
 (3) To implement any community redevelopment plan for the lands within its area of operation, by:
 (a) Coordinating development and redevelopment by public and private enterprise;
 (b) Encouraging private development and redevelopment in a manner consistent with the plan;
 (c) From time to time proposing such revisions in the plan as appear to the board to be appropriate and in the best interest of the city, consistent with the goals of this act, and subject to the provisions of subsection (2); and
 (d) Constructing, acquiring, repairing and operating any public development or project covered by the plan, or coordinating any of the foregoing among other governmental agencies;
 (4) To acquire by purchase, on such terms and conditions and in such manner as it may deem proper, and to own, convey and otherwise dispose of and to lease as lessor and lessee, any land and any other property, real or personal, and any rights and interest therein which it may determine to be reasonably necessary in furtherance of its other powers under this act, and to grant and acquire licenses, easements and options with respect thereto; provided, that any property leased to private interests shall not be exempt from ad valorem taxes.
 (5) To acquire, construct, reconstruct, equip, improve, maintain and repair any project within its area of operation[.] (e.s.)
And see, s. 10, Ch. 81-405, Laws of Florida, designating the Key West Redevelopment Agency as a redevelopment agency within the scope of Part III, Ch. 163, F.S.; providing further that the agency shall have all the powers of a municipality under Part III, Ch. 163, F.S. A project, as defined in s. 2(1)(h), Ch. 81-405, is defined as
 any residential, recreational, commercial or other development, rehabilitation, conservation, revitalization, improvement, property, utility, facility, works, enterprise or service that under the provisions of any law the city is authorized to construct, acquire, undertake or furnish for any lawful municipal public purpose and shall include, without limitation, such repairs, replacements, additions, extensions and improvements of and to any project as may be deemed necessary or desirable by the board to place or to maintain such project in proper condition for the safe, efficient and economic operation thereof. (e.s.)
Thus the provisions of s. 5(4), Ch. 81-405, Laws of Florida, clearly contemplate the participation of the Key West Redevelopment Agency in lease agreements. In addition, s. 5(5), supra, appears to authorize the maintenance of any project within the area of operation of the agency. A "project," as defined above, is declared to be a designated activity, including "conservation," which, "under the provisions of any law the city is authorized to construct, acquire, undertake or furnish for any lawful municipal public purpose. . . ." Cf., s. 1(5), Ch. 81-405, Laws of Florida, stating that the activities described therein constitute a valid public purpose. The determination of what constitutes a "municipal public purpose" is a determination which must be made by the appropriate legislative body. Cf., AGO 85-96 (the determination of what constitutes a valid public purpose for the expenditure of public funds is, at least initially, a determination for the Legislature; a legislative declaration of public purpose is presumed to be valid, and should be deemed correct unless so clearly erroneous as to be beyond the power of the Legislature). Such a project may be undertaken when the board of the agency deems it necessary or desirable to, e.g., "maintain such project in proper condition." See, s. 2(h), Ch. 81-405, supra.
The powers and authority of administrative boards, commissions and officers are limited to those granted either expressly or by necessary implication, by the statute of their creation. See, Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A.Fla., 1975). And see, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75 (1 D.C.A.Fla., 1974). See generally, 73 C.J.S. Public Administrative Law and Procedure s. 50. See also, Keating v. State ex rel. Ausebel, 167 So.2d 46 (1 D.C.A.Fla., 1964), quashed on other grounds, 173 So.2d 673
(Fla. 1965) (an administrative board which is solely of statutory creation has only such limited and special powers as are legally conferred upon it by statutes expressly or impliedly for the purpose of carrying out the aims for which they were established). The Key West Redevelopment Agency possess specific legal authority "to lease as lessor and lessee, any land . . . which it may determine to be reasonably necessary in furtherance of its other powers under this act. . . ." Section 5(4), Ch. 81-405, Laws of Florida. One of the agency's "other powers under this act" is "[t]o . . . maintain . . . any project within its area of operation . . ." after the appropriate determinations of public purpose and necessity have been made.
Thus, it would appear that the Key West Redevelopment Agency would be acting within the scope of its express authority to enter into or continue as a party to a lease agreement for purposes authorized under Ch. 81-405, Laws of Florida.
Therefore, it is my opinion, unless and until legislatively or judicially determined otherwise, that the Board of Commissioners of the Key West Redevelopment Agency is authorized to participate in a lease or sub-lease agreement with the U.S. Government for the sole purpose of maintaining the Harry S. Truman Annex until the property is sold to a third party, provided that the appropriate legislative findings or determinations of public purpose and necessity or desirability are made.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General