Mr. Larry Gonzalez, Secretary Department of Professional Regulation 1940 North Monroe Street Northwood Centre Tallahassee, Florida 32399-0750
William F. Robinson, D.D.S. Chairman, Board of Dentistry Department of Professional Regulation 1940 North Monroe Street Northwood Centre Tallahassee, Florida 32399-0750
Dear Sirs:
You ask substantially the following questions:
1) May the Board of Dentistry participate in the creation of a not-for-profit corporation whose purpose is to develop, design and produce computer based interactive simulation examinations of candidates for state licensure of dentists and dental hygienists? 2) May the Board of Dentistry participate in the initial capitalization of the corporation?
In sum, I am of the opinion:
1) The Board of Dentistry is not authorized to participate in the creation of a not-for-profit corporation. 2) The Board of Dentistry is not authorized to expend public funds for the capitalization of the corporation.
As your questions are interrelated, they will be answered together.
According to your letter, a not-for-profit corporation is being formed in Kansas for the purpose of developing, designing and producing computer based interactive simulation examinations of candidates for state licensure of dentists and dental hygienists. The corporation intends to apply for s. 501(c)(3) of the United States Internal Revenue Code tax exempt status. You state that the incorporators will be various state boards and testing agencies.
Chapter 466, F.S., was created for the purpose of ensuring that dentists or dental hygienists practicing in this state meet the minimum requirements for safe practice.[1] The Board of Dentistry was established by the Legislature to carry out the provisions of Ch. 466, F.S.[2]
Any person seeking to be licensed as a dentist in this state must apply to the Department of Professional Regulation (DPR) to take the licensure examinations and must meet the requirements speci-fied by statute.[3] To be licensed as a dentist, an applicant must successfully complete:
1) a written examination on the laws and rules of the state regulating the practice of dentistry; 2) a practical or clinical examination administered and graded by dentists licensed in this state and employed by DPR for just such a purpose; 3) a diagnostic skills examination;[4] and 4) such additional procedures required by the board provided such procedures are common to the practice of common dentistry.[5]
Persons desiring to be licensed as dental hygienists are also required to meet certain statutory requirements and to apply to DPR to take the licensure examinations.[6] Such applicants must successfully complete a written examination on the laws and rules of this state governing the practice of dental hygiene and a practical or clinical examination.[7]
You state that the development and use of computer based interactive simulation examinations would be beneficial to the board in fulfilling its examination and licensure responsibilities under Ch. 466, F.S. However, as an administrative agency created by statute, the Board of Dentistry possesses no inherent or common-law powers. Instead, its powers are limited to those expressly granted by statute or necessarily implied therefrom.[8]
While an express power duly conferred may include the implied authority to use the means necessary to carry out the express power, this office has stated on numerous occasions that such implied power may not warrant the exercise of a substantive power not conferred.[9] Moreover, any reasonable doubt as to the lawful existence of a particular power sought to be exercised is to be resolved against such an exercise.[10]
While the board possesses certain responsibilities in prescribing the procedures to be tested,[11] I am not aware of any provision in Ch. 466, F.S., or elsewhere which authorizes the Board of Dentistry to create a not-for-profit corporation or to fund its initial capitalization, nor can I conclude that such an authority may be implied from those powers expressly conferred upon the board.[12] Accordingly, I am of the opinion that the Board of Dentistry is not authorized to participate in the creation of a not-forprofit corporation or to expend public funds for the capitalization of the corporation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 466.001, F.S.
[2] See, s. 466.004(1), F.S.
[3] See, s. 466.006(2) , F.S.
[4] An applicant who graduated from the University of Havana before 1962 is not required to take the diagnostic skills examination described in s. 466.006(4)(c), F.S.
[5] Section 466.006(4), F.S.
[6] See, s. 466.007(1), F.S.
[7] Section 466.007(3), F.S.
[8] See, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 197).
[9] See, e.g., AGO's 78-114, 78-101, 78-95. See also, AGO 90-64 in which this office concluded that a housing authority, created pursuant to Ch. 159, F.S., was not authorized to establish, wholly own and operate a state chartered savings bank. And see, Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975) (implied power must be essential in order to carry out the expressly granted power or duty imposed); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75 (1 D.C.A. Fla., 1974) (implied powers accorded administrative agencies must be indispensable to powers expressly granted).
[10] State ex rel. Greenburg v. Florida State Board of Dentistry, supra; City of Cape Coral v. GAC Utilities, Inc., of Florida,281 So.2d 493 (Fla. 1973).
[11] See, e.g., s. 466.006(4)(b)1., requiring the practical examination to include two restorations the class of which shall be determined by the board by rule and whether they shall be performed on live patients or mannequins; and s. 466.006(4)(d), F.S., authorizing the board to provide by rule for additional procedures to be tested.
[12] See generally, s. 455.219, F.S., providing that each board within DPR shall determine by rule the amount of licensing fees for its profession, based upon estimates by DPR of the revenue required to implement the provisions of Part II, Ch. 455 and the provisions of law with respect to the regulation of professions by DPR and the board; all monies collected by DPR shall be paid into the Professional Regulation Trust Fund from which the Legislature shall appropriate funds sufficient to carry out the requirements set forth in the statutes. And see, s. 215.37, F.S.