Mr. J. Thomas Powers Executive Director of Legal Services West Volusia Memorial Hospital Post Office Box 509 DeLand, Florida 32721-0509
Dear Mr. Powers:
On behalf of the Commissioners of the West Volusia Hospital Authority you ask substantially the following questions:
1. Whether the Authority may donate or appropriate funds to a Florida not-for-profit corporation if the funds will be used to provide health care to individuals who do not reside within the district served by the Authority?
2. Whether the Authority may make a donation of funds to a Florida not-for-profit corporation if the funds will be used to subsidize health care for individuals who do not fall within the Authority's established criteria for indigent care?
In sum:
1. The West Volusia Hospital Authority may not donate or appropriate district funds to organizations providing health care to individuals who reside outside the district served by the Authority.
2. The West Volusia Hospital Authority is authorized to appropriate funds to a not-for-profit corporation if those funds will be used to satisfy the authority's duty to provide health care to non-indigent residents of the district.
Question One
The West Volusia Hospital Authority is a special tax district created pursuant to Chapter 57-2085, Laws of Florida,[1] with all the powers of a body corporate.[2] The act prescribes the boundaries of the district and provides for the governing and administration of the district.
Section 5 of the act provides:
"Said Board of Commissioners is hereby authorized and empowered to establish, construct, operate and maintain such hospital or hospitals as in their opinion shall be necessary for the use of the people of said district. Said hospital or hospitals shall be established, constructed, operated and maintained by said Board of Commissioners for the preservation of the public health, and for the public good and for the use of the public of said district; and maintenance of such hospital or hospitals within said district is hereby found and declared to be a public purpose and necessary for the preservation of the public health and for the public use and for the welfare of said district and inhabitants thereof. The location of such hospital or hospitals shall be determined by said Board."
Thus, the board of commissioners is charged by Chapter 57-2085, Laws of Florida, and the subsequent amendments thereto with accomplishing the purposes of the act within the district.
An administrative agency or officer possesses no power not granted by statute, either expressly or by necessary implication, and any reasonable doubt as to the lawful existence or a particular power sought to be exercised must be resolved against the exercise thereof.[3] The implied powers accorded administrative agencies must be indispensable to powers expressly granted, that is, those powers which are necessarily or fairly or reasonably implied as an incident to those powers.[4]
Nothing in the enabling legislation authorizes the West Volusia Hospital Authority to make contributions or appropriate district funds to organizations serving residents outside the district. Nor would the power to make such contributions appear to be indispensable to any power expressly granted to the district.[5]
Finally, it is the rule that if any reasonable doubt exists as to the lawful existence of a particular power granted to an administrative agency, it should not be exercised.[6]
Therefore, while this office recognizes that the district may be acting in the interest of the public generally, it is my opinion that the authority of the West Volusia Hospital Authority is limited by the terms of Chapter 57-2085, Laws of Florida, and the subsequent amendments thereto.[7] Nothing in this legislation authorizes the hospital authority to make appropriations or donate funds to an organization which provides health care to individuals who do not reside within the district which the authority serves.[8]
However, to the extent that the West Volusia Hospital Authority is considering appropriating funds to an organization which performs the same duties as the authority and serves the population which the authority must serve, such an appropriation would accomplish the responsibilities of the hospital authority. This would be particularly true if the district were to contribute funds in an amount which proportionately reflects the health care needs of the district's indigent client population. Such an arrangement is in the nature of a subcontracting agreement and would be an appropriate expenditure of the authority's funds. If the law imposes a duty on a public officer to accomplish a stated governmental purpose, it also confers by implication every particular power necessary or proper for the complete exercise or performance of that duty which is not in violation of law or public policy.[9]
The West Volusia Hospital District is charged by the enabling legislation with "the preservation of the public health"[10]
within the district. Thus, the hospital district has broad discretion in fulfilling its responsibilities to the residents of the district and an appropriation of district funds to a program which satisfies the district's mandates would appear to be a method of accomplishing the purposes for which the district was created.
Question Two
You also ask whether the West Volusia Hospital Authority may contribute funds to a Florida not-for-profit corporation if the funds will be used to subsidize health care for individuals who are not "indigent" as the Authority defines that term.
The legislation creating the district, Chapter 57-2085, Laws of Florida, recognizes the power of the hospital authority to serve paying patients. The title to Chapter 57-2085, Laws of Florida, states that it is an act "creating and incorporating a special tax district . . . authorizing and empowering such Board to establish, contract, operate and maintain such hospital or hospitals as may be established and constructed by said Board in said District, for indigents of said District and pay patients. . . ." (e.s.)
Section 5, of the act provides, in part, that:
"Said Board of Commissioners is hereby authorized and empowered to establish, construct, operate and maintain such hospital or hospitals as in their opinion shall be necessary for the use of the people of said district. Said hospital or hospitals shall be established, constructed, operated and maintained by said Board of Commissioners for the preservation of the public health, and for the public good and for the use of the public of said district; and maintenance of such hospital or hospitals within said district is hereby found and declared to be a public purpose and necessary for the preservation of the public health and for the public use and for the welfare of said district and inhabitants thereof."
It is clear that the district is primarily responsible for providing health care to resident indigents. However, the enabling legislation also states that "such Board may collect from patients financially able, such charges as such Board of Commissioners may, from time to time establish."[11] Thus, the act contemplates the provision of services to those residents of the district who are not indigent. The West Volusia Hospital Authority is authorized to provide health care services to non-indigent residents. As discussed above, if the law imposes a duty on a public officer to carry out a governmental purpose, it also impliedly confers upon him or her every power which is necessary or proper for the complete exercise or performance of that duty.[12]
In light of the responsibility of the hospital authority to provide health care to non-indigent residents, it would appear that an appropriation to a non-profit corporation which would accomplish the responsibilities of the district to serve nonindigent residents would be an appropriate expenditure of district funds.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] The act has been amended a number of times, see, Chapter 59-1949, at 4420, Laws of Florida; Chapter 65-2344, at 3921, Laws of Florida; Chapter 67-2152, at 4604, Laws of Florida; Chapter 82-383, at 393, Laws of Florida; Chapter 88-473, at 89, Laws of Florida. While all of these modified the original act, none made substantial changes in the mission or jurisdiction of the hospital authority.
[2] Chapter 57-2085, section 3, at 310, Laws of Florida.
[3] See, State ex rel. Greenberg v. Florida State Board ofDentistry, 297 So.2d 628 (Fla. 1st DCA 1974), cert. dismissed,300 So.2d 900 (Fla. 1974); City of Cape Coral v. G.A.C.Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973).
[4] See, e.g., Gardinier, Inc. v. Florida Department ofPollution Control, 300 So.2d 75, 76 (Fla. 1st DCA 1974); Williamsv. Florida Real Estate Commission, 232 So.2d 239, 240 (Fla. 4th DCA 1970).
[5] And see, Ch. 57-2085, s. 13, as amended by Ch. 65-2344, s. 4 at 3924, Laws of Florida, which provides that "no warrant shall be drawn or issued against funds of said district except for a purpose authorized by this act[.]"
[6] See, e.g., State ex rel. Greenberg v. Florida State Board ofDentistry, supra at note 3; Gessner v. Del-Air Corporation,17 So.2d 522 (Fla. 1944).
[7] Cf., Op. Att'y Gen. Fla. 89-81 (1989) (the Lake Shore Hospital Authority may not use the proceeds from the levy and collection of ad valorem taxes for purposes other than those enumerated in its enabling legislation); Op. Att'y Gen. Fla. 89-42 (1989) (North Brevard County Hospital District has not authority to enact regulations for per diem and travel expenses which vary from or conflict with provisions of s. 112.061, F.S.); and Op. Att'y Gen. Fla. 84-87 (1984) (Highlands County Hospital District Board of Commissioners to lease district facilities to a private corporation for purposes of operating, managing and maintaining such facilities under supervision of the board).
[8] I would note that Ch. 57-2085, s. 19, at 315, Laws of Florida, does allow the board of commissioners of the authority "to extend the benefits and privileges of such hospitals and clinics to non-residents of such district upon such terms and conditions as the Board may from time to time by its rules and regulations provide, provided, however, that the indigent residents of the district wherein such hospital and clinic are located, shall have the first claim to admission." Thus, nonresident indigents may receive treatment in hospitals and clinics within the district if the board makes provision for such treatment by administrative rule.
[9] See, In re Advisory Opinion to the Governor, 60 So.2d 285,287 (Fla. 1952); State ex rel. Martin v. Michell, 188 So.2d 684,687 (Fla. 4th DCA 1966), cert. discharged, Martin v. State,192 So.2d 281 (Fla. 1966); Peters v. Hansen, 157 So.2d 103 (Fla. 2d DCA 1963).
[10] See, Ch. 57-2085, s. 19, at 314, Laws of Fla.
[11] See, Ch. 57-2085, s. 5, at 310, Laws of Fla.
[12] Supra at note 9.