Mr. Robert T. Dawson President Florida School for the Deaf and the Blind 207 North San Marco Avenue St. Augustine, Florida 32084-2799
Dear Mr. Dawson:
You ask substantially the following question:
May the Florida School for the Deaf and the Blind expend funds to send a child younger than twenty years of age who is deaf as well as blind to educational facilities located within the State of Florida?
In sum:
The Florida School for the Deaf and the Blind may expend funds to send a deaf and blind child younger than twenty years of age to educational facilities located within the State of Florida, if it is determined by the board of trustees that such an appropriation furthers the purpose of the school.
The Board of Trustees for the Florida School for the Deaf and the Blind (school) was created as a body corporate to operate the school.[1] Section 242.331(4), Florida Statutes, vests the board with complete jurisdiction over the management of the school and grants it the authority
to determine eligibility of students and procedure for admission; to provide for the students of the school necessary bedding, clothing, food, and medical attendance and such other things as may be proper for the health and comfort of the students without cost to their parents or guardians, except that the board may set tuition and other fees for nonresidents; to provide for the proper keeping of accounts and records and for budgeting of funds; to enter into contracts; to sue and be sued; to secure public liability insurance; and to do and perform every other matter or thing requisite to the proper management, maintenance, support, and control of the school at the highest efficiency economically possible, the board of trustees taking into consideration the purposes of the establishment.
Thus, the board of trustees is charged to do and perform every other matter or thing in order to carry out the purposes of the school. Moreover, the board is authorized to receive gifts, donations, and bequests of money or property from any person, firm, corporation, or other legal entity.[2] Such moneys received as gifts, donations, or bequests may be deposited outside the State Treasury and may be disbursed or expended for "the use and benefit of the Florida School for the Deaf and the Blind and its students, as the board of trustees deems to be in the best interest of the school and its students."[3]
An administrative agency or statutorily created entity possesses no power beyond that which is granted by statute, either expressly or by necessary implication, and any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[4] The implied powers allowed administrative agencies must be indispensable to the powers that have been expressly granted.[5]
Section 242.332, Florida Statutes, provides:
(1) The Florida School for the Deaf and the Blind is hereby authorized to expend funds for the purpose of sending children under the age of 20, who are deaf as well as blind, for which there are no facilities for education in this state, to any school, institution, or other place outside the state providing a qualified program of education for such children. Such funds may be spent for room, board, tuition, transportation, and other items which are necessarily relevant to the education of such children.
The Legislature has specifically expanded the authority of the school to provide for the needs of children under the age of twenty who are both deaf and blind, by allowing the expenditure of funds for sending such children to facilities outside the state, when "there are no facilities for education in this state." As shown by the use of this language, there is an implicit recognition that the school has the authority to provide for the needs of such children at facilities within the state in order to carry out the purpose of the school.
Accordingly, to the extent the Board of Trustees of the Florida School for the Deaf and the Blind appropriates funds to provide for the needs of a child under the age of twenty who is both deaf and blind in order to carry out the purpose for which the school was created, such an expenditure would appear to be proper.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 242.331(1) and (4), Florida Statutes.
[2] Section 242.331(5)(a), Florida Statutes.
[3] Section 242.331(5)(c), Florida Statutes. This statute further provides that "[s]uch money or property shall not constitute or be considered a part of any legislative appropriation. . . ."
[4] See, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (Fla. 1st DCA 1974), cert. dismissed,300 So.2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973).
[5] See, e.g., Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75, 76 (Fla. 1st DCA 1974); Williams v. Florida Real Estate Commission, 232 So.2d 239, 240 (Fla. 4th DCA 1970).