Mr. Henry Dean Executive Director St. Johns River Water Management District Post Office Box 1429 Palatka, Florida 32178-1429
Dear Mr. Dean:
You ask substantially the following question:
May the St. Johns River Water Management District acquire real property by purchasing all of the outstanding stock of a private, for-profit corporation which owns the property and immediately dissolving the corporation, thereby acquiring fee title to the property without violating Article VII, section 10 of the Florida Constitution?
In sum:
The St. Johns River Water Management District may purchase real property by buying a private, for-profit corporation and immediately dissolving the corporation in order to transfer fee title to the property to the district without violating ArticleVII, section 10 of the Florida Constitution, if the transaction is structured such that the district assumes no liabilities of the corporation.
You state that the St. Johns River Water Management District (district) wishes to acquire a specific parcel of agricultural land and related facilities in the Lake Apopka/Zellwood area. The owners of the property have proposed that the district enter into a stock purchase agreement under which the district would purchase all of the outstanding stock of a private corporation that owns the land and related facilities. The district would then
immediately dissolve the corporation, thereby acquiring fee title to the property.
Such an arrangement raises the question of whether the district may enter into a stock purchase agreement for the purpose of acquiring fee title to land and whether the purchase of the stock violates Article VII, section 10 of the Florida Constitution.
Section 373.139(2), Florida Statutes, generally authorizes the governing board of a water management district to "acquire fee title to real property and easements therein by purchase, gift, devise, lease, eminent domain, or otherwise. . . ." Relative to land in the Lake Apopka area, the Legislature has found that it is in the public interest to acquire lands in agricultural production, along with their related facilities, which contribute to phosphorus discharges to Lake Apopka.[1] The district has been granted the power of eminent domain over properties in the Lake Apopka area and is authorized to explore the availability of funding from all sources to purchase property from willing sellers.[2]
As a statutorily created entity, the district may only exercise such powers expressly granted by statute or necessarily exercised in order to carry out an express power and any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[3] The implied powers accorded administrative agencies must be indispensable to powers expressly granted, that is, those powers which are necessarily or fairly or reasonably implied as an incident to those powers.[4]
While a direct exchange of money or value for the property would be the most common manner of purchasing property, in this instance where the property and related facilities are being acquired as the sole assets of the corporation, there would appear to be no real distinction that would preclude the district's action.
In State v. Dade County,[5] the Supreme Court of Florida considered the appropriateness of a similar transaction and whether it violated the constitutional prohibition against a county becoming a stockholder in any company, association or corporation. Dade County proposed to purchase all of the stock of private corporations owning transit companies operating in the county in order to create and operate a county-wide transit system. Under the agreement, the county would purchase all of the common stock of the transportation companies free and clear of all encumbrances and then promptly dissolve the corporations, with the county becoming the owner of the transportation systems and all of their physical properties.
The Court focused on the provisions of the agreement that the purchase of all of the stock of the companies was for the purpose of acquiring the companies in their entireties including all of their assets. Noting that Article VII, section 10 of the Florida Constitution prohibits subdivisions of the state from becoming stockholders with others in any corporation, company or association, the Court concluded that the manner used by the county to acquire the companies was not prohibited either by the spirit or letter of the Constitution.[6]
Likewise, in this instance the district is purchasing all of the assets of the corporation by buying all of the outstanding stock of the corporation and is not becoming a joint owner or stockholder in a company or corporation. Thus, the district is not lending its taxing power or credit to aid any corporation, association, partnership or person. Rather, the district is purchasing agricultural property and related facilities as is authorized in section 373.461(5), Florida Statutes. The proposed transfer, however, should be structured such that the district assumes none of the liabilities of the corporation such as was done in State v. Dade County discussed above.
It is my opinion, therefore, that the St. Johns River Water Management District may purchase agricultural property and the related facilities owned by a private corporation by buying all of the outstanding stock of the corporation and immediately dissolving the corporation in order to transfer fee title to the property to the district without violating Article VII, section 10
of the Florida Constitution, if the district assumes none of the corporation's liabilities.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 373.461(5)(a), Fla. Stat.
[2] Section 373.461(5)(a) and (c), Fla. Stat.
[3] See, State ex rel. Greenberg v. Florida State Board ofDentistry, 297 So.2d 628 (Fla. 1st DCA 1974), cert. dismissed,300 So.2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities,Inc., of Florida, 281 So.2d 493 (Fla. 1973).
[4] See, e.g., Gardinier, Inc. v. Florida Department ofPollution Control, 300 So.2d 75, 76 (Fla. 1st DCA 1974); Williamsv. Florida Real Estate Commission, 232 So.2d 239, 240 (Fla. 4th DCA 1970).
[5] 142 So.2d 79 (Fla. 1962).
[6] Id. at 88.