Ms. G. Helen Athan General Counsel Collier Mosquito Control District Pelican Bay Corporate Centre 5551 Ridgewood Drive, Suite 501 Naples, Florida 34108-2719
Dear Ms. Athan:
On behalf of the Collier Mosquito Control District, you ask substantially the following questions:
1. May commissioners of the Collier Mosquito Control District receive benefits such as medical insurance or accidental death or disability insurance in addition to the maximum salary of $4,800 prescribed by statute?
2. If not, may a commissioner pay for his or her own premiums to obtain coverage through the district's group policy?
In sum:
1. Commissioners of the Collier Mosquito Control District are not statutorily entitled to receive benefits such as medical insurance or accidental death or disability insurance, but are limited to receiving a salary of up to $4,800 during any one year and reimbursement of expenses as provided in section 112.061, Florida Statutes.
2. There is no statutory authority for a mosquito control district to allow the commissioners on its board to participate in the district's group insurance plan.
The related nature of your questions allows them to be answered together.
Chapter 388, Florida Statutes, governs the operation of mosquito control districts established prior to July 1, 1980.[1] A review of the history of the Collier Mosquito Control District (district) shows that it was created as an independent special tax district as a result of a referendum in 1950.[2] A board of commissioners, each elected for a four-year term, possesses the power and duty to carry out the district's purpose to control and eliminate all species of mosquitoes.[3]
Compensation of the board's members is set statutorily. Section 388.141(1), Florida Statutes, states:
"Members of the board of commissioners of independent special tax districts may each be paid a salary to be determined by the unanimous vote of the board which shall not exceed $4,800 for each commissioner during any one year; however, this section shall not be construed to limit compensation of district commissioners where higher amounts have otherwise been authorized by special act or general act of local application. Said members may be reimbursed for expenses incurred in the performance of their duties as provided in s. 112.061."[4]
Clearly, the statute recognizes that a mosquito control district commissioner is entitled to a limited salary and reimbursement of expenses incurred in the performance of his or her duties. Additional compensation could be authorized by the Legislature, but none has been so provided.
As a statutorily created entity, a mosquito control district may only exercise such powers expressly granted by statute or necessarily exercised in order to carry out an express power; any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[5] The implied powers accorded administrative agencies must be indispensable to powers expressly granted, that is, those powers that are necessarily or fairly or reasonably implied as an incident to those powers.[6]
The board is authorized to unanimously vote itself a salary of not more than $4,800 in any one year. Members of the board may also be paid per diem and travel expenses incurred as a result of district business pursuant to section 112.061, Florida Statutes. Nothing in Chapter 388 or section 112.061, Florida Statutes, otherwise supports an inference that the board may provide insurance benefits to its members as necessary or indispensable to the expressly granted power to pay a salary. While the Legislature has recognized that higher salaries may otherwise be authorized by special act or general law of local application, no such law has been found nor brought to this office's attention that would allow greater compensation to the commissioners of the Collier Mosquito Control District.
Where the Legislature prescribes the manner in which something is to be done, it must be observed and operates as a prohibition against its being done in any other way.[7]
Accordingly, it is my opinion that the Collier Mosquito Control Board may not provide insurance to its commissioners, who are limited to a salary of not more than $4,800 per year and reimbursement under section112.061, Florida Statutes, nor is there any statutory authority that would allow the commissioners to participate in the district's group insurance plan.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 388.021, Fla. Stat. On or after July 1, 1980, mosquito control districts are to be created pursuant to s. 125.01, Fla. Stat.
[2] See, 50th Anniversary Historical Narrative, Collier Mosquito Control District, found at "www.collier-mosquito.org".
[3] See, ss. 388.101, 388.161 — 191, Fla. Stat.
[4] Section 112.061, Fla. Stat., sets forth a uniform plan for per diem and reimbursement of expenses for travel of public officers, employees and persons authorized to incur such expenses on behalf of a public entity.
[5] See, State ex rel. Greenberg v. Florida State Board of Dentistry,297 So.2d 628 (Fla. 1st DCA 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493
(Fla. 1973).
[6] See, e.g., Gardinier, Inc. v. Florida Department of PollutionControl, 300 So.2d 75, 76 (Fla. 1st DCA 1974); Williams v. Florida RealEstate Commission, 232 So.2d 239, 240 (Fla. 4th DCA 1970).
[7] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (when the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way).