Dear Ms. Craig:
On behalf of the Dorcas Fire District, you ask the following question:
May the Dorcas Fire District purchase a fire truck under an installment agreement in which the lender holds a lien against the fire truck?
In sum:
While the Dorcas Fire District is authorized to purchase equipment by an installment sales contract if funds are available to pay the current year's installments on the equipment and to pay the amounts due that year on all other installments and indebtedness, it may not use an installment contract which creates a purchase lien in favor of the seller in the event of a default by the district.
You state that the Dorcas Fire District was created by section 2005-331, Laws of Florida. The district is an independent fire control district operating pursuant to the special act and the provisions of Chapter 191, Florida Statutes.[1] While the district is authorized by its charter to levy ad valorem taxes, you indicate that it has never sought to levy such taxes through referendum approval. The district's revenues are made up of non-ad valorem assessments, impact fees, and cost recovery fees.
The district has contracted for the purchase of a new fire truck. The truck manufacturer will finance the truck through a promissory note secured by a "Purchase Lien." Should there be a default in the payments, under the agreement, the lender has the right to demand payment in full or return of the truck as originally delivered, as well as all expenses incurred in collecting the monies or the fire truck.
Section 6, Chapter 2005-331, Laws of Florida, sets forth the general powers of the fire district and specifically states that the district has by majority vote of the district's board, the power to
"purchase equipment by an installment sales contract if funds are available to pay the current year's installments on the equipment and to pay the amounts due that year on all other installments and indebtedness."[2]
The Legislature, therefore, has specifically authorized the Dorcas Fire District to purchase equipment using an installment sales contract if there are sufficient funds to pay the current year's installments on the equipment and to pay all other installments and indebtedness. The installment contract you propose for the purchase of a fire truck, however, contains a "purchase lien" which creates a security interest allowing the seller/lender to recover the property in the event of a default.
As a statutorily created entity, the fire district has only such powers and authority as have been expressly granted by law or may be necessarily implied therefrom in order to carry out an expressly granted power.[3] Any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[4] The implied powers accorded to administrative agencies must be indispensable to powers expressly granted, that is, those powers that are necessary or fairly or reasonably implied as an incident to those powers.[5]
While there is clear authority for the fire district to enter into an installment sales contract in order to purchase equipment, nothing in the district's enabling act or in Chapter 191, Florida Statues, authorizes the fire district to create a security interest for the seller under such an agreement. Further, I cannot conclude that the creation of a security interest on behalf of the seller is necessarily incidental to carrying out the express power to enter into an installment agreement.
Moreover, this office and Florida courts have consistently found that the creation of a security interest with the right of foreclosure or recovery in the event of default in an installment purchase of equipment or real property by a county or municipality violates section 12, Article VII of the Florida Constitution, in the absence of referendum approval.[6] As noted in Attorney General Opinion 98-71, however, the Supreme Court of Florida has approved a lease-purchase agreement when the agreement does not create a security interest with a right of foreclosure.[7]
Accordingly, it is my opinion that while the Dorcas Fire District is authorized to purchase a fire truck under an installment agreement, absent referendum approval, it may not use an installment contract in excess of twelve months which creates a purchase lien allowing the seller to recover the truck or demand full payment in the event the district defaults on the loan.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] Section 2, Ch. 2005-331, Laws of Fla.
[2] See also s. 191.006(7), Fla. Stat., authorizing the board of an independent special fire control district to "purchase equipment by an installment sales contract if funds are available to pay the current year's installments on the equipment and to pay the amounts due that year on all other installments and indebtedness."
[3] See Halifax Drainage District of Volusia County v.State, 185 So. 123, 129 (Fla. 1938); Ops. Att'y Gen. Fla. 96-90 (1996) and 89-42 (1989).
[4] See Halifax Drainage District of Volusia County at 129;State ex rel. Greenberg v. Florida State Board of Dentistry,297 So. 2d 628 (Fla. 1st DCA 1974), cert. dismissed,300 So. 2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities,Inc., of Florida, 281 So. 2d 493 (Fla. 1973). Andsee, e.g., Ops. Att'y Gen. Fla. 02-30 (2002) and 04-48 (2004).
[5] See, e.g., Gardinier, Inc., v. Florida Department ofPollution Control, 300 So. 2d 75, 76 (Fla. 1st DCA 1974);Williams v. Florida Real Estate Commission,232 So. 2d 239, 240 (Fla. 4th DCA 1970).
[6] See Nohrr v. Brevard County Educational FacilitiesAuthority, 247 So. 2d 304 (Fla. 1971); Ops. Att'y Gen. Fla. 98-71 (1998) (fire control district may not grant a security interest in real or personal property for a period in excess of twelve months which includes the right of foreclosure in the event of the district's default as such an agreement would violate Art. VII, s. 12, Fla. Const.) and 80-09 (1980) (city may not finance purchase of computer financing arrangement granting security interest in the equipment, with a right of foreclosure without referendum approval).
And see s. 12, Art. VII, Fla. Const., which states:
"Counties, school districts, municipalities, special districts and local governmental bodies with taxing powers may issue bonds, certificates of indebtedness or any form of tax anticipation certificates, payable from ad valorem taxation and maturing more than twelve months after issuance only:
(a) to finance or refinance capital projects authorized by law and only when approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation; or
(b) to refund outstanding bonds and interest and redemption premium thereon at a lower net average interest cost rate."
[7] See State v. Brevard County, 539 So. 2d 461 (Fla. 1989).Cf. Frankenmuth Mutual Insurance Company v. Magaha,769 So. 2d 1012, 1024 (Fla. 2000), in which the Court concluded that a non-substitution clause contained in a lease contract violated the Florida Constitution as it could be viewed as compelling the lessee to continue to appropriate funds throughout the full lease term, thereby rendering the optional features of non-appropriation and nonrenewal clauses contained in the agreement illusory.